# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50121 | **DATE** | 9/5/2012 |
| **CASE TITLE** | Beauchamp vs. City of Dixon, Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court grants in part and denies in part defendants' motion for summary judgment. The parties are to schedule a settlement conference with Magistrate Judge Mahoney within 30 days of the date of this order.

*Philip G. Reinhard*

■ [ For further details see text below.]

Electronic Notices.
Copy to Magistrate Judge Mahoney.

## STATEMENT - OPINION

Plaintiff, Karen Beauchamp, filed, pursuant to 42 U.S.C. § 1983 and Illinois law, a five-count complaint against defendants, Nick Albert, a police officer for the City of Dixon, Illinois (City), Troy Morse, a police officer for the City, Danny Langloss, Jr., the chief of police for the City, and the City itself. Count I is a claim against Albert for excessive force in violation of the Fourth Amendment. Count II is a claim against Morse for excessive force in violation of the Fourth Amendment. Counts III and IV, against Langloss and the City respectively, are based on an official policy and custom pursuant to Monell v. City of New York Dept. of Social Services, 436 U.S. 658 (1978). Count V names the City and is based on indemnification under Illinois law. Albert and Morse have jointly moved for summary judgment on the excessive force claims against them, contending that they did not use excessive force, or, alternatively, that they are entitled to qualified immunity. Plaintiff has responded to the summary judgment motion.

Applicable Law

In considering a summary judgment motion, the court views all facts and construes all reasonable inferences in a light most favorable to the nonmoving party. Fleming v. Livingston County, Illinois, 674 F. 3d 874, 878 (7th Cir. 2012). Summary judgment is proper if the movant shows there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Fleming, 674 F. 3d at 878.

Whether an officer uses excessive force during an arrest is determined under an objective reasonableness standard. Smith v. City of Chicago, 242 F. 3d 737, 743 (7th Cir. 2001). This assessment is made in light of the facts and circumstances confronting the officer and not in regard to his underlying intent or motivation. Smith, 242 F. 3d at 743 (citing Graham v. Connor, 490 U.S. 386, 397 (1989)). The court must consider the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight. Smith, 242 F. 3d at 743. The court also considers whether the plaintiff was under arrest or suspected of a crime, was armed, or was attempting to interfere with the officer's execution of his duties. Padula v. Leimbach, 656 F.

3d 595, 602 (7th Cir. 2011). Not every push or shove, even if it later seems unnecessary, violates the Fourth Amendment. Leimbach, 656 F. 3d at 602. The court balances the amount of force used in relation to the danger posed to the community or the arresting officer. Smith, 242 F. 3d at 743.

Additionally, the doctrine of qualified immunity shields from liability officers who act in ways they reasonably believe to be lawful. Chelios v. Heavener, 520 F. 3d 678, 691 (7th Cir. 2008). This defense provides ample room for mistaken judgment and protects all but the plainly incompetent and those who knowingly violate the law. Chelios, 520 F. 3d at 691. In the excessive force context, to defeat qualified immunity, a plaintiff must show that there is either a closely analogous case that establishes a right to be free from the type of force the officer used on him or that the force used in effecting an arrest was so "plainly excessive that a reasonable officer would have been on notice that such force is violative of the Fourth Amendment." Chelios, 520 F. 3d at 691-92.

Analysis

While the evidence in this case is in dispute in some material respects, the court will, as it must at this stage of the proceeding, accept plaintiff's version as true. The court will address each defendant separately for purposes of resolving the motion for summary judgment.

Nick Albert

Initially, the court notes that it is arguably claimed that Albert committed two distinct acts of physical force against plaintiff, one involving his efforts at retrieving the keys to a truck and the other being his use of force to restrain plaintiff as she attempted to enter the house. As to the keys issue, the evidence at this point shows that plaintiff obtained the keys to the truck from her husband who was being arrested in the driveway of their home pursuant to a warrant. When plaintiff refused to give the keys to Albert after arresting her he attempted to get them by grabbing plaintiff's left hand that was holding the keys. In doing so, he held onto plaintiff's hand for several seconds. According to plaintiff, he did so in such a manner that she was unable to open her hands and release the keys. Eventually she was able to pull free of Albert's grasp, but she did not relinquish the keys.

While the use of any force to retrieve the keys at that point may have been ill-advised, it was clearly not excessive under the Graham analysis. Even accepting plaintiff's version of the encounter in the driveway, the amount of force used in an attempt to retrieve the keys from plaintiff was reasonable in light of Albert's reasonable view that plaintiff was attempting to interfere with the arrest of her husband by keeping the keys. Whether plaintiff may have believed she was entitled to maintain possession of the keys at that point does not detract from this conclusion. Further, the force used by Albert was minimal and there is no evidence that plaintiff was injured as a result. Accordingly, plaintiff has not submitted any evidence that would support a finding by a reasonable trier of fact that Albert violated the Fourth Amendment by using the force he did in an effort to obtain the keys.

That leaves the issue of the use of force by Albert that resulted in plaintiff falling from the stoop onto the concrete driveway. Plaintiff's version of that portion of the encounter is that Albert grabbed her with both his hands and "flung" her backward from the stoop and onto the concrete driveway. As a result, she landed on her buttocks with her elbow and shoulder striking the driveway surface. She had recently had rotator cuff surgery on her right shoulder. It is undisputed that this action resulted in her re-injuring her right rotator cuff and necessitating a second surgery. Also, while her elbow was not fractured, plaintiff testified it was bruised and continues to be painful.

Under plaintiff's version of the events, the force used by Albert cannot be said to be reasonable as a matter of law. A reasonable trier of fact could conclude that it was an unreasonable and excessive use of force for Albert to essentially yank plaintiff backward off of the stoop causing her to land on the concrete surface. This is especially so as, according to plaintiff, she advised Albert prior to that time that she was recovering from recent shoulder surgery. Further, while plaintiff was arguably resisting Albert by attempting to enter the house with keys, the force used could be found to be excessive in relation to the severity of that

offense. Therefore, based on plaintiff's version of the incident, which Albert disputes, there is a question of material fact which precludes summary judgment as to Albert's second use of force.

Nor can Albert escape liability based on qualified immunity. Plaintiff has shown under her version that the force used was so "plainly excessive" that any reasonable officer would have been on notice that it violated the Fourth Amendment. Accordingly, Albert is denied summary judgment based on qualified immunity.

<u>Troy Morse</u>

Plaintiff's claim against Morse is based solely on her contention that while they were in the house he shoved her in the back while she was handcuffed causing her to fall forward in a somersault and scrape her leg. Even accepting plaintiff's version of the events surrounding this use of force, the court finds for the following reasons that the force did not violate the Fourth Amendment as a matter of law.

The undisputed evidence shows that plaintiff had interfered with the efforts to arrest her husband by refusing to hand over the keys which, at the very least, caused a distraction outside the house. Additionally, in the face of being told she was under arrest, plaintiff attempted to walk away from the police and enter the house. Once inside the house, plaintiff refused several directives to sit in a chair even though she was under arrest at that point. It was certainly reasonable for the police to attempt to maintain control over an arrestee such as plaintiff, particularly in the house where she was familiar with the surroundings and they were not. Although plaintiff was handcuffed prior to her being shoved by Morse, she was handcuffed in the front due to her shoulder injury. Being handcuffed in the front presented more of a potential threat to the officers than if she had been handcuffed in the back. Further, even though Morse had ordered her to sit down, plaintiff immediately stood up and started to enter the adjacent living room. At that point, it was more than reasonable to use some degree of force against plaintiff to restrain her from moving about at will. While plaintiff asserts that she went into the living room out of a concern for whether her dog had exited the house though a door that was ajar, Morse did not see it that way. And it is his view that counts so long as it is reasonable. Moreover, Morse was entitled to restrain plaintiff's movements considering she had resisted Albert in the driveway and also because she was under arrest.

The only remaining question is whether the force used by Morse was such that a reasonable trier of fact could find it to be excessive. Based on plaintiff's version of the events, the court finds the force was not excessive as a matter of law. While Morse may have opted for a different method of gaining control of plaintiff and restricting her movements, the force was not excessive in light of the obvious need to restrain her, her apparent attempt to exit the kitchen where she was being held notwithstanding several police directives to sit down in the kitchen, the relatively minor injury to her leg, and the absence of any evidence that plaintiff suffered any injury to her right shoulder as a result. Therefore, the court grants summary judgment in favor of Morse on the excessive force claim in Count II.

For the foregoing reasons, the court grants the summary judgment motion as to Morse (Count II) and denies the motion as to Albert (Count II). The parties are to schedule a settlement conference with Magistrate Judge Mahoney within 30 days of the date of this order.