UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| KAREN BEAUCHAMP ) | |
| Plaintiff, ) | |
| ) | No. 11 CV 50121 |
| v. ) | Judge Phillip G. Reinhard |
| ) | Magistrate Judge Iain D. Johnston |
| CITY OF DIXON, *et al.*, ) | |
| Defendants. ) | |

# MEMORANDUM OPINION AND ORDER
## and
# REPORT AND RECOMMENDATION

Plaintiff Karen Beauchamp has filed a motion to extend the deadline to disclose expert witnesses under Federal Rule of Civil Procedure 26(a)(2)(C). The motion was filed in response to the defendants' motion *in limine* to exclude opinion testimony because Ms. Beauchamp failed to disclose any expert witnesses.[1] For the reasons that follow, the motion to extend [70] is denied. It is the Court's Report and Recommendation that the motion *in limine* to exclude opinion testimony also be denied, but that conditions be imposed on Ms. Beauchamp in order to cure the prejudice the defendants face as a result of her failure to timely disclose.

**I.      Background**

Ms. Beauchamp is suing the City of Dixon and one of its police officers for the use of excessive force during her arrest, which allegedly injured her right rotator cuff. At the time of her arrest, just six weeks had passed since she had rotator cuff surgery to correct a prior injury. She alleges that the injuries she suffered during the arrest necessitated a second surgery.

The Court set a July 1, 2011, deadline for the parties' initial disclosures under Federal

---

[1] Federal Rule of Civil Procedure 26(a)(2) refers to two different types of "experts": those witnesses who must provide written reports, sometimes referred to as "retained experts"; and those witnesses who do not need to provide written reports. Fed. R. Civ. P. 26(a)(2)(B), (C). As used in this memorandum opinion and order and Report and Recommendation, the term "expert" means witnesses who are not required to provide written reports. Specifically, as used in this document, the "experts" are medical providers.

Rule of Civil Procedure 26(a)(1).  *See* Dkt. 13.  The plaintiff did not list any of her treating doctors as fact witnesses in her initial disclosure, though she did identify documents obtained from one of her treating physicians, Dr. Charles Carroll IV, who performed both rotator cuff surgeries.  *See* Dkt. 76 Ex. A at 3.  Those initial disclosures were never supplemented.  On September 19, 2011, the plaintiff responded to the defendants' interrogatories and, for the first time, identified Dr. Carroll, her psychiatrist Dr. Thomas Dennison, and her clinical counselor Christina Lutz as witnesses who may be called to testify at trial.  *Id.* Ex. B at 1-2.  She identified them only as "non-expert" witnesses.  *Id.* at 3.  When asked to identify all opinions on which the plaintiff would rely to support her contention that the defendants' conduct caused her injuries, she identified none.  *Id.* at 5.

After the completion of fact discovery and the denial of the defendants' motion for summary judgment on September 5, 2012, the court ordered that all medical discovery end April 10, 2013, *see* Dkt. 43, and set a final pretrial conference for May 20, 2013, *see* Dkt. 49.  Upon the reassignment of the case from Magistrate Judge Mahoney on May 3, 2013, this Court extended the deadline for medical discovery by setting a deadline for all discovery to end on July 31, 2013, and advised the parties to be prepared to schedule a final pretrial conference.  *See* Dkt. 54.  With the parties' acquiescence, the Court set a settlement conference.  However, like a previous settlement conference before Magistrate Judge Mahoney in 2012, the 2013 settlement conference was unsuccessful.  The Court then scheduled a final pretrial conference and set a November 29, 2013, deadline for the filing of the proposed pretrial order.  *See* Dkt. 57.

Included in the proposed pretrial order was a motion *in limine* by the defendants to exclude opinion testimony at trial from Dr. Carroll, Dr. Dennison, and Ms. Lutz.  *See* Dkt. 65 at 8.  The basis of the motion to exclude is Ms. Beauchamp's failure to disclose any expert

witnesses under Federal Rule of Civil Procedure 26(a)(2).  In addition, at no time did Ms. Beauchamp provide written reports from Dr. Carroll, Dr. Dennison, and Ms. Lutz as required from retained experts under Rule 26(a)(2)(A).  And more importantly, at no time did Ms. Beauchamp provide "a summary of the facts and opinions to which the witness is expected to testify" required from non-retained experts under Rule 26(a)(2)(C)(ii).  Because there is no contention that the witnesses were required to produce written reports, the Court addresses only the obligation to provide a summary under Rule 26(a)(2)(C)(ii).

## II.     Analysis

The Court will first address the plaintiff's motion to extend the deadline to disclose witnesses from whom she plans to elicit opinions at trial.  Because the Court concludes that Ms. Beauchamp has identified no good cause or excusable neglect to support extending the deadline, the Court will then address the argument in the defendants' motion *in limine* that exclusion is a proper remedy under Federal Rule of Civil Procedure 37(c) for the failure to timely disclose expert witnesses.

### A.     Motion to Extend Disclosure Deadline

The court has broad discretion to set discovery deadlines, and its decisions will be overturned only for an abuse of discretion.  *See Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 593 (7th Cir. 2012).  The power to set discovery deadlines is governed by Federal Rule of Civil Procedure 16(b)(3).  Once set, the proper method of obtaining an extension is to file a timely motion with the court, which may be granted if the movant establishes good cause for extending the deadline.  Fed. R. Civ. P. 16(b)(4); *Naud v. City of Rockford*, No. 09 CV 50074, 2013 WL 4447028, at *5 (N.D. Ill. Aug. 16, 2013).  If the deadline has already passed, the movant must establish not only good cause but also excusable neglect to obtain an extension.

*Id.*; *see also Adams. v. City of Indianapolis*, Nos. 12–1874, 13–3422, 2014 WL 406772, at *10 (7th Cir. Feb. 4, 2014) (noting that when a deadline set in a Rule 16(b) scheduling order has passed, it may be extended only upon a showing of both good cause and excusable neglect); *Instant Tech., LLC v. DeFazio*, 12 CV 491, 2013 WL 2434614, at *2 (N.D. Ill. June 4, 2013) (same).

A party's obligation to identify its expert witnesses is set out in Federal Rule of Civil Procedure 26(a)(2). Under Rule 26(a)(2)(A) "a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." In addition, under Rule 26(a)(2)(C), for non-retained experts the party must also disclose "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." There is no question that the testimony Ms. Beauchamp seeks to elicit from Dr. Carroll, Dr. Dennison, and Ms. Lutz falls within the scope of these rules of evidence.

The purpose of the disclosure requirements is to guard against prejudice to the opposing party. "Formal disclosure of experts is not pointless. Knowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757 (7th Cir. 2004). "Without proper disclosures, a party may miss its opportunity to disqualify the expert, retain rebuttal experts, or hold depositions for an expert not required to provide a report." *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012) (internal quotation marks and citations omitted).

As noted above, Ms. Beauchamp has failed to offer any cause or excuse for missing the deadline to disclose her expert witnesses and to provide a summary of their opinions. Instead,

she relies solely on the argument that the defendants would not be prejudiced by disclosure at this late date because the failure to timely disclose was harmless. In support, she identifies excerpts from the witnesses' deposition transcripts and medical records in which she contends the witnesses disclosed their opinions.

However, even if she could establish excusable neglect based solely on lack of prejudice, her request for an extension must still be denied because she has failed to establish good cause. The good cause standard under Rule 16(b)(4) focuses on the diligence of the party seeking an extension of time, not on the prejudice to the other party. *See Alito v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). At the December 10, 2013 pretrial conference, plaintiff's counsel stated that in response to the defendants' motion *in limine* filed five days earlier, he had already prepared a motion to extend the disclosure deadline. Counsel's quick response to the motion *in limine* is commendable. However, a party cannot establish diligence based solely on its conduct after being alerted to its failure to meet a court deadline. For instance, in *Alito*, the court looked not only to the delay in responding to the motion to dismiss that alerted the plaintiff to insufficiencies in his complaint. *Id.* It also noted that the plaintiff knew at the outset of the case the requirements to state a claim under federal procedural rules yet never attempted to comply with the rules until eight months after the deadline to file an amended complaint. Likewise, Rules 26(a)(2), 26(e), and 33(b)(3) put Ms. Beauchamp on notice of her duties to affirmatively disclose her opinion witnesses, as well as to identify their opinions in either her initial or supplemental responses to the defendants' interrogatories asking for this information before the discovery deadline.

Ms. Beauchamp has offered no justification for failing these duties let alone diligent efforts to attempt to meet the deadlines set forth in the Rules and imposed by the Court. To his

credit, counsel for Ms. Beauchamp apologizes for her "oversight," albeit belatedly. Motion [70] at 5-6 ("As an initial point, the Defendant is correct in pointing out that no Rule 26(a)(2)(C) disclosure was provided, and Plaintiff's counsel apologizes to Defendant's counsel and to the Court for this oversight."). As noted later, the Court has no reason to believe that Ms. Beauchamp's counsel's failure was intentional. Despite the apology and lack of intent, the Court believes that there must be consequences for the oversight when counsel has failed to establish diligence and, consequently, good cause.

Alternatively, Ms. Beauchamp contends that she satisfied the disclosure requirements of Rule 26(a)(2)(C) when she (1) disclosed her witnesses under Rule 26(a)(1), and (2) those witnesses revealed their opinions in their medical records or during their depositions. However, the argument is foreclosed by the decision in *Musser*, 356 F.3d at 757, in which the Seventh Circuit held that "[d]isclosing a person as a witness and disclosing a person as an expert witness are two distinct acts." Thus, Ms. Beauchamp was required to disclose her witnesses under both Rule 26(a)(1) and 26(a)(2)(C), the latter of which she concedes never occurred. *Id.* (a defendant "should not be made to assume that each witness disclosed by the [plaintiff] could be an expert witness at trial.").

Scheduling orders ensure prompt and orderly litigation in which courts have a legitimate interest. *See Campania Mgt. Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 851 (7th Cir. 2002). "A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996). Ms. Beauchamp has offered no justification for failing to disclose her witnesses as experts or to identify their opinions. Because she has failed to identify good cause or excusable neglect, and in an exercise

of the Court's discretion to manage discovery, Ms. Beauchamp's motion to extend the deadline to disclose opinion witnesses under Rule 26(a)(2)(C) is denied.

### B. Motion *in Limine* to Exclude Opinion Testimony

Given the lack of timely disclosures and Ms. Beauchamp's failure to identify good cause or excusable neglect to warrant an extension of the discovery deadline, the Court now turns to the defendants' motion *in limine* to exclude from trial opinion testimony from Dr. Carroll, Dr. Dennison, and Ms. Lutz. Under Federal Rule of Civil Procedure 37(c), if "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial unless the failure was substantially justified or is harmless."

The Seventh Circuit has identified the following relevant factors to use when evaluating whether a failure to disclose was substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Tribble*, 670 F.3d at 760 (internal quotation marks and citation omitted). The determination of whether a Rule 26(a) violation is justified or harmless is left to the discretion of the district court. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

#### 1. Prejudice to Opposing Party

As noted above, prejudice can flow from a party's failure to properly disclose its expert witnesses when it denies the opponent a chance to seek to disqualify the expert, retain rebuttal experts, adequately depose the expert, and otherwise properly prepare for trial. *See Tribble*, 670 F.3d 760. Ms. Beauchamp argues that the defendants were not denied those opportunities

because her medical providers' "opinions regarding causation and prognosis have already been provided through the medical records." Motion to Extend [Dkt. 70] ¶ 13. For example, she refers to the following medical records produced to the defendants during discovery in which she contends the providers' opinions were identified:

> records of Dr. Carroll, who noted that "she has re-torn her right rotator cuff due to outside stress. . . . Her rotator cuff repair has been re-injured by outside circumstances," [Dkt. 70 Ex. 1 at 1];
>
> records of Dr. Dennison, who noted that the "patient was traumatized by events with police last year . . . She has had Post Traumatic Stress Type Syndrome since with disturbed sleep, etc.," [Dkt. 70, Ex. 3 at 1].

In addition, she identifies the following deposition testimony in which she contends the medical providers' opinions were identified:

> Dr. Carroll testified that during an examination of Ms. Beauchamp he noted a "re-tear of her rotator cuff, and I termed it due to outside stress. I didn't record what the stress was," [Dkt. 70 Ex. 2 at 11:16-19];
>
> Dr. Dennison testified that Ms. Beauchamp reported being "thrown around, her shoulder being injured" by police and described the Post Traumatic Stress Disorder he diagnosed as being "a psychotic and physiological syndrome following a trauma that would be traumatic for just about anybody," [Dkt. 70, Ex. 4 at 25:8 and 17:1-3];
>
> Ms. Lutz testified that she was treating Ms. Beauchamp for the "symptoms and flashbacks and nightmares . . . she was suffering due to the incident with police," responded affirmatively when asked if Ms. Beauchamp's symptoms were "consistent with someone---in your experience---someone who has been through an incident like the incident she went through with the police," and testified that Dr. Dennison had diagnosed Ms. Beauchamp's Post Traumatic Stress Disorder as being "chronic," meaning there is no expected end date [Dkt. 70 Ex. 5 at 32:19, 33:14-15, 67:10-13, 81:].

However, it was Ms. Beauchamp's responsibility to make proper disclosures, not the defendants' responsibility to discern from the records and deposition testimony whether any witnesses were experts offering opinions. *See Musser*, 356 F.3d at 759 ("that the defendant could have obtained the undisclosed information through its own efforts does not provide

substantial justification"). Indeed, the defendants contend that in reliance on the plaintiff's failure to designate any witnesses as experts, and her failure to identify opinion evidence in response to an interrogatory asking her to do so, they (1) did not question the witnesses about the nature and bases for the opinions or their qualification; (2) did not hire experts of their own, and (3) that they might have evaluated the cases differently for settlement purposes had they factored in the time and costs of expert discovery. The Federal Rules of Civil Procedure squarely place the burden on the proponent of the testimony. Indeed, the Federal Rules of Civil Procedure do not require the non-proponent to root around in voluminous medical records to identify a medical provider's opinions and bases for those opinions. *See, e.g., Ballinger v. Casey's General Store, Inc.*, No. 10 CV 1439, 2012 WL 1099823, *4 (S.D. Ind. Mar. 29, 2012).

Ms. Beauchamp has identified cases where motions to exclude opinion testimony were denied despite the lack of disclosure because the opposing party learned the witnesses' opinion anyway and, therefore, there was no surprise. *See Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011); *Spearman Indus. v. St. Paul Fire & Marine Ins. Co.*, 138 F. Supp. 2d 1088, 1094 (N.D. Ill. 2001); *Kondragunta v. Ace Doran Hauling & Rigging Co.*, No. 11 CV 1094, 2013 WL 1189493, at **8-9 (N.D. Ga. Mar. 21, 2013). However, in each of those cases, a witnesses' proponent had at least identified the witness as being an expert, even though it failed to provide the required report or summary. *Banister*, 636 F.3d at 830 ("the City disclosed its intention to call Dr. Fishman as a witness, indicating he would 'testify as to opinions'"); *Spearman*, 138 F. Supp. 2d at 1094 ("Spearman did disclose Diederich as an expert, preventing the chance that unfair surprise or prejudice would hamper St. Paul's preparation of the case."); *Kondragunta*, 2013 WL 1189493, at *7 ("Plaintiff did disclose the names of the treating physicians . . . [and] the subject matter about which these expert witnesses would be testifying"). In sharp and

determinative contrast, Ms. Beauchamp concedes that she *never* designated her witnesses as experts, and thus she denied the defendants the advance notice afforded the parties in the cases cited.

Nevertheless, Ms. Beauchamp argues that even a failure to designate witnesses as experts in advance does not prejudice an opposing party who is eventually apprised of the expert's opinion, citing in support *Brandon v. Maywood*, 179 F. Supp. 2d 847, 858 (N.D. Ill. 2001). In *Brandon*, the court held that the failure to disclose a treating physician as an expert witness did not foreclose the physician from testifying as an expert if he had "offered his opinions about Mr. Brandon's prognosis and need for future treatment" at his deposition. *Id.* at 860. However, the parties had not provided a complete transcript of the physician's deposition, and so the court was unable to assess whether the failure to disclose was harmless. *Id.* Because the court never determined the issue of prejudice, the case sheds no light on what types of disclosures in medical records or deposition testimony would be sufficient to overcome the risk of harm from the failure to disclose the expert.

The Court finds that Ms. Beauchamp's failure to identify her witnesses as experts, combined with her failure to identify any opinions in response to an interrogatory asking her to do so, risks prejudicing the defendants. Although the defendants deposed the witnesses, unlike the parties in the cases cited above, they had no advance notice that Ms. Beauchamp intended to elicit opinions from the witnesses at trial, and thus had no basis for making the types of inquiries they would have made of an expert. *See Tribble*, 670 F.3d at 760 ("Without proper disclosures, a party may miss its opportunity to disqualify the expert, retain rebuttal experts, or hold depositions for an expert not required to provide a report."). Accordingly, this factor favors excluding any opinion testimony from Dr. Carroll, Dr. Dennison, and Ms. Lutz.

## 2. Bad Faith or Willfulness

Next, the Court looks to any evidence that Ms. Beauchamp's failure to disclose her witnesses' opinion was in bad faith or willful. The defendants have identified no such evidence, nor is any evident in the record. To the contrary, Ms. Beauchamp identified Dr. Carroll, Dr. Dennison, and Ms. Lutz as potential witnesses, produced the medical records in which they purportedly revealed their opinions, and the defendants have identified no attempts by her counsel to prevent the witnesses from discussing opinions during the depositions. In the absence of any evidence or argument that Ms. Beauchamp acted in bad faith or willfully, the Court finds that this factor does not favor the exclusion of evidence.

## 3. Ability to Cure

Finally, the Court assesses Ms. Beauchamp's ability to cure the prejudice the defendants face. The defendants note that Ms. Beauchamp's attempt to cure her failure to disclose comes five months after discovery closed, a motion for summary judgment was briefed and decided, the parties drafted and filed their proposed pretrial order including jury instructions and trial briefs, and with "every procedural step short of trial" having been completed. Response [Dkt. 76] at 3. As a result, the defendants contend it is now too late to cure. In support, the defendants rely on *Musser*, in which the Seventh Circuit affirmed the exclusion of opinion testimony first identified shortly before trial. *See Musser*, 356 F.3d at 759. In *Musser*, the plaintiff attempted to use the testimony to oppose a motion for summary judgment. *Id.* at 754. However, at the time the district court ruled on the summary judgment motion, less than three months remained before the trial date, which had already been delayed by four months from the original trial date. *Id.* at 759. The Seventh Circuit determined that "it is not an abuse of discretion to conclude that the additional costs to [the defendant] of preparing a new summary judgment motion and further

delay in extending the trial date are not harmless." *Id.*

However, the Seventh Circuit also noted that the district court could have exercised its discretion to "reschedule[] the date for trial and allow[] more time for depositions and new motions for summary judgment." *Id.* It also stated that "[w]e do not hold that a district court should always exclude evidence in similar factual scenarios, in fact, well-reasoned cases have come to the opposite result." *Id.* Finally, it urged courts facing similar situations to "carefully consider Rule 37(c), including the alternate sanctions available, when imposing exclusionary sanctions are outcome determinative," *id.* at 760, and noted that "in the normal course of events, justice is dispensed by the hearing of cases on their merits," *id.* at 759 (internal quotation marks, alteration, and citation omitted).

Unlike the situation in *Musser*, the parties here are not facing an impending trial date. In fact no trial date has been set, although the parties have been advised that the trial may occur this summer. The defendants also argue that in addition to the lateness of Ms. Beauchamp's attempt to designate her witnesses as experts, they would be prejudiced by "the additional time and expense" that would be incurred in "re-opening discovery on an almost three year old case," which would involve "re-depos[ing] the plaintiff's newly transformed experts on their opinions," and "the need for defense experts to rebut the newly identified opinions from the plaintiff's experts." Response [Dkt. 76] at 8. However, the concern over additional expenses incurred could be addressed by shifting the costs and fees incurred to Ms. Beauchamp. See Fed. R. Civ. P. 37(c)(1)(A) (in lieu of exclusion, the court may "order payment of the reasonable expenses, including attorney's fees, caused" by a violation of Rule 26(a) or (e)).

In light of the procedural posture of the litigation, and heeding the Seventh Circuit's admonitions that justice is served by deciding cases on the merits and that sanctions other than

the exclusion of evidence should be explored, the Court finds that this case has not proceeded to the point where Ms. Beauchamp can no longer cure any prejudice to the defendants. Accordingly, this factor does not favor the exclusion of the witnesses' opinion evidence.

### 4. Factors Balance in Favor of Limited Reopening of Discovery

On balance, the Court makes the Report and Recommendation that the relevant factors discussed above weigh in favor of re-opening discovery for the limited purpose of allowing the defendants the opportunity to re-depose Dr. Carroll, Dr. Dennison, and Ms. Lutz, challenge their opinions, and obtain rebuttal experts. However, to cure the prejudice the defendants face, conditions should be imposed. First, Ms. Beauchamp should be required to provide to the defendants the "summary of the facts and opinions to which the witness is expected to testify" required by Rule 26(a)(2)(C)(ii). Second, the defendants should be allowed to re-depose Dr. Carroll, Dr. Dennison, and Ms. Lutz on their opinions, the bases for the opinions, their qualifications, and other questions they would have asked had the witnesses been properly disclosed as experts. Of course, the defendants need not re-depose the witnesses. *See* Gregory P. Joseph, *The Temptation to Depose Every Expert*, LITIGATION, Winter 2014. Third, the defendants should be allowed to timely obtain rebuttal experts. Fourth, Ms. Beauchamp should bear the costs and certain fees necessitated by the reopening of the depositions of her witnesses, including limited reasonable attorneys' fees incurred. The Court has used the term "costs" intentionally. *See, e.g.,* 28 U.S.C. § 1920. If these witnesses are re-deposed following the Rule 26(a)(2)(C) disclosures, Ms. Beauchamp should be required to pay the witness fees, the court reporter fees (including appearance fee, time and copies of any transcripts ordered) and fees for copies of documents. Ms. Beauchamp should also be required to pay defendants' attorneys' fees incurred during the depositions. In other words, Ms. Beauchamp will be required to pay for the

time spent deposing any of these witnesses, but not time preparing for the depositions. Given that court reporters now have the ability to specifically identify the time of certain events – and even questions – during depositions, the attorneys' fees will be easy to calculate. Additionally, any deposition of these three witnesses should be limited to three hours. However, Ms. Beauchamp should not have to bear the defendants' costs and fees incurred in obtaining rebuttal witnesses as those costs would have been borne by the defendants in any event.

The Court recommends the following deadlines to prevent any unnecessary delay in the trial of this case: the Rule 26(a)(2)(C)(ii) summaries should be provided by March 28, 2014; any re-depositions of Dr. Carroll, Dr. Dennison, and Ms. Lutz should occur by April 30, 2014; the defendants' rebuttal expert should be disclosed and their Rule 26(a)(2)(C)(ii) summaries should be provided by May 28, 2014; and any deposition of rebuttal experts should occur by June 18, 2014.

If, in light of this Report and Recommendation, Ms. Beauchamp decides not to offer her witnesses as experts and, instead, to rely on them solely as fact witnesses, she shall file a position paper advising the Court of her decision by March 28, 2014.

Finally, nothing in this order precludes the defendants from challenging Ms. Beauchamp's experts on grounds other than the failure to timely disclose. The defendants are granted leave to supplement the proposed pretrial order by June 30, 2014, in order to present a motion *in limine* setting forth any other challenges.

## III. Conclusion

The current posture of this case is a result of Ms. Beauchamp's doing – or perhaps more accurately, failures. The Court and the parties are entitled to rely upon court orders, deadlines and the requirements of the Federal Rules of Civil Procedure. *See Spears*, 74 F.3d at 157; *Brown*

*v. McCabe & Pietzsch, P.A.*, 180 B.R. 325, 326 (S.D. Ga. 1995). But the Court is also aware of the public policy that generally cases should be decided on the merits. *See Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 687 (7th Cir. 2004). This Court's Memorandum Opinion and Order and Report and Recommendation has attempted to carefully balance those competing policies.

For the reasons given, the motion to extend the deadline to disclose opinion witnesses under Rule 26(a)(2)(C) is denied. It is the Report and Recommendation of this court that the defendants' motion *in limine* to exclude opinion testimony from the plaintiff's witnesses also be denied, and that the conditions listed above be adopted in order to cure the prejudice caused by the plaintiff's failure to timely disclose. The parties have until March 26, 2014, to object to the Report and Recommendation.

Date: March 7, 2014  _____
                                          Iain D. Johnston
                                        United States Magistrate Judge